Filed 6/14/23  P. v. Timms CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOVAUGHN TIMMS,<br><br>      Defendant and Appellant. | A163864<br><br>(City & County of San Francisco County Super Ct. Nos. 229454, 229279, CT18008239 and CT18010985.) |

A jury convicted appellant Jovaughn Timms of assault with a firearm (Pen. Code[1], § 245, subd. (a), count 2), domestic violence (§ 273.5, subd. (a), count 3), and intimidating a witness (§ 136.1, subd. (b), count 5), along with two other crimes.  In this appeal, he argues that instructional errors affected the verdicts on counts 2 and 3, and he challenges the sufficiency of the evidence for count 5.  We reject appellant's instructional error claims but agree with him about the sufficiency of the evidence.  Accordingly, we reverse the judgment as to count 5 and otherwise affirm.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

1

# I. <u>DISCUSSION</u>

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) Consequently, we resolve the cause before us, consistent with constitutional requirements, in an abbreviated opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262 [" 'An opinion is not a controversial tract, much less a brief in reply to the counsel against whose views we decide. It is merely a statement of conclusions, and of the principal reasons which have led us to them.' [Citation.]"].)

## A. <u>Alleged Instructional Errors Concerning Counts 2 and 3</u>

Appellant alleges two instructional errors. First, the trial "court misinstructed the jury on the intent requirement" for domestic violence under section 273.5. Second, the instructions defined "domestic violence" in a way that "improperly expand[ed] the scope of conduct prohibited by . . . section 273.5." According to appellant, these errors were prejudicial as to counts 2 and 3. We find no prejudice in either respect.

### 1. *The First Alleged Instructional Error*

Count 3 of the information charged appellant with domestic violence in violation of section 273.5, subdivision (a). For this count, the trial court instructed the jury with the Judicial Council's Criminal Jury Instruction (CALCRIM) No. 840, setting forth the following intent requirement: The defendant must "willfully inflict[] a physical injury," where someone "commits an act *willfully* when he . . . does it willingly or on purpose." CALCRIM No. 3404 instructed jurors that the "defendant is not guilty of . . . assault with a firearm (Count 2), [or] domestic violence (Count 3), . . . if he acted without the intent required for those crimes, but instead acted accidentally."

During deliberation, the trial court responded to questions clarifying this instruction. When jurors asked for "a definition of 'willingly or on purpose' as it appears in . . . [section] 273.5, [subdivision] (a)," the trial court instructed the jurors to give those "words . . . their ordinary, everyday meaning." Then, the jury asked: "If the defendant withdrew the firearm and accidentally pulled the trigger resulting in a physical injury, does that count as willfully inflicting a physical injury?" The trial court replied: "To willfully inflict a physical injury means to have a purpose or willingness to inflict a physical injury. It is up to you to decide what the facts are and whether that element has been proven beyond a reasonable doubt. See also instructions 840 and 3404."

The parties agree that this final instruction was erroneous and that instructional error is not reversible in the absence of prejudice.[2] The controversy is therefore limited to whether the instructional error was prejudicial.

Appellant rightly notes that the jury's question about accidentally pulling the trigger "might fairly be read as asking whether i[t] impacted appellant's guilt if he drew the weapon intentionally but discharged it accidentally." He argues that the court's response to the question amounted to reversible error because it allowed the jurors to convict him of violating section 273.5 even if they believed that the act causing the

_____

[2] Respondent argues that the error should be "reviewed for prejudice under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836," providing that "an error is harmless unless it is reasonably probable that the defendant would have obtained a more favorable outcome absent the error. (*People v. Molano* (2019) 7 Cal.5th 620, 670.)" On the other hand, appellant asks us to apply the "harmless" "beyond a reasonable doubt" standard articulated in *Chapman v. California* (1967) 386 U.S. 18, 22–23. We need not decide which is the correct standard because our analysis demonstrates that there was no prejudice under either.

injury—discharging the firearm—was accidental. He further claims prejudicial error because the court's response allegedly "pushed appellant's defense of accident out of reach" and "lightened the prosecution's burden of proof." We disagree.

The court's instruction to the jury that "[t]o willfully inflict a physical injury means to have a purpose or willingness to inflict a physical injury" was erroneous, but not prejudicial as it did not lessen the prosecutor's burden. In fact, it imposed a greater burden on the prosecution to prove specific intent to injure rather than general intent to commit an assaultive act. Whether appellant benefited from this error, (as argued by respondent), this court need not decide. Despite the erroneous instruction requiring specific intent to injure, the court correctly referred the jury back to the instruction that explained the elements of section 273.5 and the CALCRIM 3404 instruction regarding "accident." Thus, it cannot be said that appellant's defense was somehow pushed out of reach. Instead, the more reasonable inference is that the jury considered the totality of the court's instructions along with the evidence that appellant fled the scene after he shot the victim in her right lower abdomen, and ultimately determined that appellant's discharge of the firearm was not accidental. Logic dictates, as noted by respondent, that " [i]f the jury had found that appellant accidentally discharged the firearm, it could not have found that he had a purpose or willingness to inflict a physical injury."

Appellant is also wrong to suggest that "[n]o other jury finding established that the discharge was intentional." The jury convicted appellant of count 2—assault with a firearm. (§ 245, subd. (a)(2).) For that crime, the jury was instructed with CALCRIM No. 875, allowing the jury to find appellant guilty only if he "did an act with a firearm that by its nature would

4

directly and probably result in the application of force to a person," and "did that act willfully." Merely *drawing* a firearm is not an act that by its nature would directly and probably result in the application of force to a person. For that reason, it was necessarily the *discharge* of the firearm that the jury found appellant to have done willfully.

In sum, because the jury found that appellant willfully discharged the firearm, they found that he had the general intent required by section 273.5, subdivision (a), thus rendering harmless any instructional error in that respect.

### 2. *The Second Alleged Instructional Error*

At trial, the parties stipulated that appellant had been convicted twice before for "felony domestic violence in violation of . . . section 273.5." Accordingly, the trial court instructed the jurors with CALCRIM No. 852A, on the use of evidence of uncharged domestic violence to establish a defendant's inclination to commit such violence. Appellant argues that purportedly inapplicable portions of this instruction might have led jurors to believe that they could convict him on count 3 for mere "reckless acts" or "acts that caused fear," as opposed to a willful act inflicting a physical injury. This argument is belied by the fact that when the jury requested the definition of "felony domestic violence" the trial court directed the jury to review CALCRIM 840, which specifically defined the elements of the charged crime. As respondent argues and we agree, "…it is inconceivable that the jury would . . . believe that an instruction concerning the permissible use of *uncharged* acts could somehow eliminate requirements for the *charged* crime." Even still, appellant asserts that this alleged instructional error, in combination with the erroneous response to the meaning of willful requires reversal. However, as we have already shown, the jury *did* find that appellant

5

committed a willful act inflicting a physical injury, so any instructional error in this respect was harmless.

## B. Sufficiency of the Evidence for Count 5

Appellant argues that there is insufficient evidence to support his conviction for violating section 136.1, subd. (b)(2), which proscribes attempts to dissuade a witness from "[c]ausing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, *and* assisting in the prosecution thereof." (Italics added.) Here, respondent does not dispute appellant's contention that the record lacks any evidence showing that appellant sought to dissuade the victim from causing the felony complaint to be sought and prosecuted. Thus, the question is whether a subdivision (b)(2) conviction can be affirmed on the sole basis of an attempt to dissuade a witness from assisting in the prosecution of an already-filed complaint.

"Issues of statutory interpretation are questions of law subject to de novo review. [Citation.] 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

6

In *People v. Reynoza* (2022) 75 Cal.App.5th 181, 189 (*Reynoza*), our colleagues in the Sixth District held that section 136.1, subdivision (b)(2) "requires proof that, among other things, the defendant attempted to prevent or dissuade another person from causing a [charging document] to be filed." Thus, *Reynoza* disagreed with *People v. Velazquez* (2011) 201 Cal.App.4th 219, 233, which held that subdivision (b)(2) "encompasses . . . attempts to dissuade a victim from causing a complaint or information to be prosecuted *or* assisting in that prosecution." (Italics added.) This issue is currently pending before our Supreme Court, which has granted review in *Reynoza* to address whether subdivision (b)(2) "encompass attempts to dissuade a victim or witness after a charging document has been filed." (*Reynoza, supra,* 75 Cal.App.5th 181, review granted May 11, 2022, S273797.)

We agree with *Reynoza* that the *Velazquez* court's holding "ignored the canon of statutory construction that ' "significance must be given to every word [in a statute] in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage." ' " (*Reynoza*, *supra*, 75 Cal.App.5th at p. 188, quoting *People v. Leiva* (2013) 56 Cal.4th 498, 506.) The conduct forbidden by subdivision (b)(2) is an attempt to dissuade a victim from causing a charging document "to be sought and prosecuted, *and* assisting in the prosecution thereof." (*Id*.) As a result of the conjunctive effect of the word "and," an attempt to dissuade a victim from assisting in the prosecution of an already-filed complaint cannot be an independent basis for prosecution under subdivision (b)(2).[3]

---

[3] Nor does our adherence to the statute's plain meaning result in absurd consequences, as implied by respondent's assertion that "[n]o other statutory provision covered some of appellant's conduct." With respect to appellant specifically, our record of his conduct is in part an artifact of the People's apparent misunderstanding of the scope of subdivision (b)(2); given a proper understanding, the People might have highlighted other evidence at

Finally, while our analysis of the statute is dispositive, we note as well that the conduct underlying the dissuasion charges in *Reynoza* and *Valazquez* is factually distinguishable from appellant's conduct, and arguably more severe. In those other cases, the defendants urged their respective victims to "drop" the charges. (*Reynoza, supra*, 75 Cal.App.5th at p. 184; *Velazquez, supra*, 201 Cal.App.4th at p. 227.)

Here, in our case, after felony charges were filed, appellant wrote letters to the victim admonishing her not to "speak to the DA," not to "come to court unless" appellant's attorney "tells you to," and to "write an affidivate [sic] saying you are not going to testify on your husband . . . ." Thus, the conduct in *Reynoza* and *Velazquez* evinced an intent (however misplaced) to induce the victim to affirmatively thwart a prosecution, while appellant's conduct sought only to dissuade the victim from assisting.

Accordingly, we conclude that there is insufficient evidence to support the verdict as to count 5.

### III. DISPOSITION

The judgment is reversed as to appellant's conviction on count 5 and affirmed in all other respects. The matter is remanded to the trial court for resentencing on the remaining counts and allegations.

---

trial or filed different charges. More generally, "[o]ther statutory provisions prohibit attempts to dissuade victims or witnesses where charges have already been filed. (See . . . § 136.1, subds. (a)(1) & (a)(2) [prohibiting dissuasion or attempted dissuasion of a victim or witness from giving testimony or attending trial]; [§] 137 [applying to attempts to influence testimony or information given to law enforcement].)" (*Reynoza, supra*, 75 Cal.App.5th at pp. 189–90.)

_____

Langhorne, J. *

We concur:


_____

Jackson, P.J.


_____

Simons, J.

*People v. Timms* / A163864

* Judge of the Superior Court of Napa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9